UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CRYSTAL WHITFIELD and WESLEY HAMPTON,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. JOHN DIAZ [TAX REG. # 935224] and JOHN DOE AND JANE DOE #1-5 (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
---------------------------------------------------------------X

Case No. 14 CV 6085

**COMPLAINT**

JURY DEMAND

Plaintiffs, CRYSTAL WHITFIELD and WESLEY HAMPTON, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. John Diaz [Tax Reg. # 935224], John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully allege as follows:

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiffs, who are husband and wife, are and were at all times material herein residents of the State of Connecticut.

5. At all relevant times, defendants P.O. John Diaz [Tax Reg. # 935224], John Doe and Jane Doe #1-5 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiffs are suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about July 19, 2014, at approximately 11:30 a.m., defendant officers, acting in concert, arrested plaintiffs without cause at or close to the corner of Liberty and Sheridan Avenues Brooklyn, New York, and charged Ms. Whitfield with PL 165.30(1) 'Fraudulent accosting' and Mr. Hampton with PL 165.30(2) 'Fraudulent accosting.' Each plaintiff was also charged with PL 225.05 'Promoting gambling in the second degree.'

10. Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11. At the time of the arrest, plaintiffs were on a visit to their friends and family and had briefly stopped over at a nearby store to do some shopping.

12. Upon approaching Mr. Hampton, defendant officers forcibly grabbed him.

13. After grabbing Mr. Hampton, defendant officers forcibly pulled his arms behind his back and twisted his arms in the process causing him to sustain serious injuries on his left elbow and bilateral wrist.

14. Upon approaching Ms. Whitfield, defendant officers forcibly grabbed her by her arms, twisted and bent her arms and forcibly pulled her arms behind her back causing her to experience pain and numbness in her arms.

15. Ms. Whitfield's arms and wrists remained sore and swollen several days after the arrest.

16. Eventually, defendant officers tightly handcuffed the plaintiffs with their hands placed behind their backs.

17. After handcuffing the plaintiffs, defendant officers forcibly pushed the plaintiffs into their police vehicle.

18. After falsely arresting the innocent plaintiffs, defendant officers transported the plaintiffs to NYPD-75th Precinct for arrest processing.

19. While at the precinct, defendant officers confiscated Mr. Hampton's high blood pressure medications, did not allow him to take the medications and did not return the medications to Mr. Hampton.

20. Because of their injuries, plaintiffs requested to be transported to the hospital for medical care and treatment.

21. Defendant officers informed the plaintiffs that their arrest processing and arraignment would be delayed by any arrangement to provide them with medical care and treatment.

22. Defendant officers refused to provide plaintiffs with any medical care or treatment and denied the plaintiffs access to medication, food and drink, as well as contact and visitation by friends and family.

23. Defendant officers seized and/or appropriated to themselves several of plaintiffs' items or properties, including but not limited to a total amount of $122.00 which they seized from Mr. Hampton and a total amount of $54.00

   which they seized from Ms. Whitfield, and have refused to return aforesaid properties to plaintiffs.

24. Defendant officers did not issue or provide the plaintiffs with any voucher specifying the properties seized from them with the constitutionally-required notice printed on the voucher describing how they could reclaim their seized properties.

25. Defendant officers did not otherwise notify the plaintiffs of any procedure they could follow to reclaim their seized properties including but not limited to the total amount of $176.00 described above.

26. After detaining the plaintiffs for a lengthy period of time at the precinct, plaintiffs were transported to the Central Booking to await arraignment.

27. While plaintiffs were awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

28. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiffs committed the charged crime/offense(s).

29. Based on the false testimony of defendant officers, the prosecutors initiated actions against the plaintiffs.

30. Eventually, the prosecutors determined that there was no evidence of any crimes committed by either plaintiff.

31. As a result, the prosecutors declined to prosecute the plaintiffs.

32. Eventually, after detaining the plaintiffs for a lengthy period of time, defendant officers summarily released the plaintiffs from their unlawful detention.

33. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

34. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

35. As a result of the aforesaid actions by the defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

36. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.

37. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, abuse of authority, failure to intervene, deliberate indifference, cruel and inhuman treatment, cruel and unusual punishment, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, fabrication of evidence, racial profiling, pattern of harassment, conspiracy, discrimination, selective enforcement, unlawful taking of private property, denial of equal protection of the laws and denial of due process rights.

38. Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

39. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

40. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of

witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

42. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are black, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

43. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

44. In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-75th Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent citizens with various crimes and/or offenses.

45. That most of the arrests and charges made by officers assigned to the NYPD-75th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

46. Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-75th Precinct relating to similar arrests and charges as those described herein. *See*, *e.g.*, *Tyquan Myrick v. City of New York* (13 CV 2544); *James Burgess v. City of New York* (12 CV 1322); *Derwin Goldson v. City of New York* (10 CV 5770); *Kamel Prude v. City of New York* (09 CV 3118); *Andrew Elmore v. City of New York* (08 CV 2433).

47. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices,

6

        customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

48. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

49. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12</u>

50. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and guaranteeing equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

52. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and

took numerous overt steps in furtherance of such conspiracy, as set forth above.

53. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

54. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

FOURTH CAUSE OF ACTION: OTHER NEW YORK TORTS

55. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, special injury, loss of consortium, harassment, tortuous interference, abuse of power, fraud, replevin, conversion, trespass, negligent and intentional emotional distress and negligent hiring and retention of defendant officers.

57. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

  c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

  d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
   October 17, 2014

        UGO UZOH, P.C.

         /s/

        _____
     By: Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiffs
       304 Livingston Street, Suite 2R
       Brooklyn, N.Y. 11217
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com